## Scott B. Donavan *vs.* Commonwealth.

Suffolk. September 8, 1997. - October 21, 1997.

Present: Wilkins, C.J., Abrams, Lynch, Greaney, Fried, Marshall, & Ireland, JJ.

*Practice, Criminal,* Mistrial, Conduct of prosecutor. *Constitutional Law,* Double jeopardy.

The retrial after mistrial of an indictment was not barred on double jeopardy grounds where the mistake by the prosecution that resulted in the mistrial arose from negligence or inadvertence and was not intentional misconduct aimed at provoking the defendant to move for the mistrial [14-16]; moreover, the prosecutor had no affirmative duty to suggest alternative courses of action to mitigate the mistake when the defendant moved for a mistrial [16].

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on September 16, 1996.

The case was heard by *O'Connor*, J.

*Christopher S. Skinner*, Committee for Public Counsel Services, for the defendant.

*Judith Ellen Pietras*, Assistant District Attorney, for the Commonwealth.

Ireland, J. Scott B. Donavan (defendant) appeals from a judgment of a single justice of this court denying him relief under G. L. c. 211, § 3. The defendant sought relief after a Superior Court judge denied his motion to dismiss the indictment. He contends that the indictment against him for aggravated rape, kidnapping, assault by means of a dangerous weapon, and assault and battery should be dismissed because retrial on those charges would amount to double jeopardy. We disagree. The defendant's request for relief was properly denied.

The defendant's first trial on the indictment ended in a mistrial after only two days. On the first day of trial, the Commonwealth elicited damaging testimony against the defendant from a State pathologist concerning vaginal cells of the victim allegedly found on the handle of a razor recovered from the

crime scene. The defendant is alleged to have inserted the razor handle into the victim's vagina. The pathologist's testimony (which the jury heard) was taken without proper foundation, however, and the Commonwealth's subsequent evidence elicited during the second day of trial failed to cure the foundational problem.[1]

The defendant moved successfully to strike the pathologist's testimony and then moved for a mistrial, arguing that the jury would be unable to ignore the struck testimony. In granting the defendant's motion for a mistrial, the judge stated that the failure to lay a proper foundation for the pathologist's testimony was not an intentional act on the Commonwealth's part.

The defendant then submitted a motion to dismiss the indictment, asserting double jeopardy as a bar to a retrial. Finding that the prosecutor did not intend to provoke a mistrial and did not engage in overreaching or harassment, the trial judge denied the motion. Pursuant to G. L. c. 211, § 3, the defendant sought relief from that ruling before a single justice of this court. The single justice denied relief because of the defendant's failure to establish that the prosecutor "intended to cause the mistrial or engaged in overreaching or harassing conduct which might bar retrial on double jeopardy grounds." The defendant now appeals the decision of the single justice to this court.

Relying on double jeopardy principles of State law, the defendant contends that, irrespective of the prosecutor's intentions, he need not endure another trial because his first trial ended in a mistrial through no fault of his own. The defendant further contends that the Commonwealth's "tactical indifference" to the entry of a mistrial constituted a form of misconduct that should bar any retrial. Thus, the prosecutor had an affirmative duty, according to the defendant, to suggest alternatives to his motions to strike the pathologist's testimony and for a mistrial, or to make further efforts to cure the foundational problems.

A defendant, who has successfully moved for a mistrial, is not entitled to the dismissal of the indictment against him un-

---

[1]The pathologist was allowed to testify out of order on the first day of trial before proper foundational evidence had been taken establishing who from the State crime laboratory had prepared the slides examined by the pathologist that allegedly contained the vaginal cells, or whether the samples had, in fact, come from the razor handle.

less there has occurred prosecutorial misconduct intended to goad or provoke him into moving for the mistrial. See *Poretta* v. *Commonwealth*, 409 Mass. 763, 765 (1991); *Commonwealth* v. *Smith*, 404 Mass. 1, 4 (1989); *Commonwealth* v. *Andrews*, 403 Mass. 441, 447-448 (1988); *Commonwealth* v. *Patten*, 401 Mass. 20, 23 (1987); *Commonwealth* v. *Lam Hue To*, 391 Mass. 301, 311 (1984). In ruling on such double jeopardy claims based on State grounds, we have followed the Federal constitutional standard articulated in *Oregon* v. *Kennedy*, 456 U.S. 667, 675-676 (1982), which requires some form of "over-reaching," "harassment," or other intentional misconduct on the part of the prosecution aimed at provoking a mistrial in order for a retrial to be barred by double jeopardy principles. *Poretta* v. *Commonwealth, supra* at 765, citing *Oregon* v. *Kennedy, supra* at 679. *Commonwealth* v. *Smith*, 404 Mass. 1, 4 (1989).

The defendant now asks us to extend that rule so as to bar a retrial on double jeopardy grounds where a mistake by the prosecution arises out of mere negligence or inadvertence.[2] The defendant fails to consider that double jeopardy protection does not necessarily ensure an error-free trial. *Commonwealth* v. *Andrews, supra* at 448. Rather, double jeopardy protects defendants from repeated attempts by the State "to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Id.* at 447-448, quoting *United States* v. *Dinitz*, 424 U.S. 600, 606 (1976).

A defendant has a legitimate interest in protection from unfair prosecution by the State, see *Commonwealth* v. *McCan*, 277 Mass. 199, 201 (1931), but at the same time, "the public has a substantial interest in prosecuting those accused of crime and bringing the guilty to justice." *Commonwealth* v. *King*, 400 Mass. 283, 290 (1987). Dismissal of indictments is a "drastic

[2]The defendant points to cases from other jurisdictions that depart to some extent from the narrow rule set forth in *Oregon* v. *Kennedy*, 456 U.S. 667 (1982), and do not require a finding that the prosecutor actually intended to cause a mistrial. See *State* v. *Kennedy*, 295 Or. 260 (1983); *Pool* v. *Superior Court*, 139 Ariz. 98 (1984); *Bauder* v. *State*, 921 S.W.2d 696 (Tex. Ct. App. 1996); *Commonwealth* v. *Smith*, 532 Pa. 177 (1992); and *State* v. *Breit*, 122 N.M. 655 (1996), cited by the defendant. These cases are inapposite; all of them found some form of egregious or wrongful misconduct going well beyond mere negligence.

remedy." *Commonwealth* v. *Cinelli,* 389 Mass. 197, 210, cert. denied, 464 U.S. 860 (1983). That is especially true with indictments for crimes as serious as the defendant has been accused of committing. We remain satisfied with the current rule which directs the dismissal of indictments on double jeopardy grounds only in instances of intentional prosecutorial misconduct calculated to provoke a defendant into moving for a mistrial. We are unwilling to expand that rule to include unintentional prosecutorial mistakes as well, even though, as here, those mistakes may have led to a defendant's successful motion for mistrial.

The defendant next asks us to rule that the prosecutor's "tactical indifference" to his motions to strike the expert testimony and for a mistrial constituted a form of misconduct which should bar reprosecution. According to him, the prosecutor should have been required by the judge to mitigate or cure the foundational defects in the pathologist's testimony. When a mistrial is declared over the defendant's objection, " 'failure to consider available alternatives before declaring a mistrial' may result in dismissal of the charges against [the defendant] on double jeopardy grounds." *Commonwealth* v. *Sanchez,* 405 Mass. 369, 374 (1989). The defendant in *Sanchez,* like the defendant here, moved for a mistrial. And as in *Sanchez,* the defendant here attempts to "analogize[] to cases where the mistrial is granted over the defendant's objection . . ." *id.,* to argue that any failures to remedy problems in the first trial ultimately entitles him to double jeopardy protection. We are not persuaded. First, there simply is no evidence that the prosecutor's conduct was in any way intended to provoke the defendant into moving for a mistrial. Second, we are unwilling to impose an affirmative duty on the prosecutor to suggest alternative courses of action when, as here, the defendant moves for a mistrial. See *Sanchez, supra* at 374, holding that the trial judge's and defense counsel's failure to inform the defendant of all possible choices before the defendant moved for a mistrial did not bar a retrial on double jeopardy grounds.

The order dismissing the defendant's petition for relief is affirmed. The defendant is not barred by State double jeopardy principles from retrial on the indictment.

*Order of single justice affirmed.*