## COMMONWEALTH *vs.* WILLARD NOLAN.

Suffolk. April 7, 1998. - June 1, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, FRIED, & MARSHALL, JJ.

*Practice, Criminal,* Double jeopardy, Mistrial, Instructions to jury, Capital case. *Constitutional Law,* Double jeopardy. *Judge. Evidence,* Past recollection recorded, Joint enterprise. *Homicide. Malice.*

Double jeopardy principles did not bar retrial of a criminal defendant after the judge at the first trial allowed his motion for a mistrial, where the record did not indicate that the judge in bad faith or by overreaching provoked the defendant into moving for a mistrial. [542-543]

At a criminal trial, the judge did not abuse his discretion in determining that a witness had insufficient present recollection to testify fully as to events she witnessed, so as to permit the admission in evidence of the witness's prior tape-recorded statement under the past recollection recorded exception to the hearsay rule. [543-544]

At the trial of an indictment for murder in the first degree, the failure of defense counsel to request separate verdicts as to the defendant's guilt as a principal or as a joint venturer, or to seek a jury instruction limiting the theory of the defendant's guilt, did not prejudice the defendant or create a substantial likelihood of a miscarriage of justice, where the evidence warranted the submission of the case to the jury on either theory. [544]

At the trial of an indictment for deliberately premeditated murder in the first degree, the judge's instructions to the jury regarding all three prongs of malice did not create a substantial likelihood of a miscarriage of justice, and the judge correctly instructed the jury on the issue of deliberate premeditation. [544-545]

INDICTMENT found and returned in the Superior Court Department on June 27, 1990.

The case was tried before *Robert A. Mulligan,* J.

*Stephen Neyman* for the defendant.

*John P. Zanini,* Assistant District Attorney, for the Commonwealth.

WILKINS, C.J. The defendant appeals from his conviction of murder in the first degree on the theory of deliberate premeditation. He challenges (1) the denial of his motion to dismiss on double jeopardy grounds, (2) the admission of a witness's rec-

orded statement given to the police, admitted as past recollection recorded, (3) his counsel's failure to request separate verdicts as to his guilt as a principal and as a joint venturer, and (4) his counsel's failure to object to the judge's instruction on malice in conjunction with his instruction on deliberate premeditation. He also seeks relief pursuant to G. L. c. 278, § 33E. There was no reversible error. Relief pursuant to G. L. c. 278, § 33E, is not warranted.

The jury could have found the following. On May 31, 1990, the victim, Claude E. Stewart, was fatally shot at the corner of Ditson and Josephine Streets in the Dorchester section of Boston. The shooter had emerged with two other men from a vehicle driven by Marilyn McClure. Testifying under a grant of immunity, she identified the defendant as one of three men in her vehicle. He was wearing a hat, and all three were armed. In a recorded statement to the police, the admission of which the defendant challenges, McClure said that the defendant had identified the victim, saying, "Well, there he is. There he goes right there." The three men left the vehicle. She heard shots. Two men reentered the vehicle directly; McClure picked up the defendant down the street. One witness said that the shooter was a tall man wearing a hat. McClure said, in her recorded statement, that all three men smelled the powder from their gun barrels and that they were not certain whether they had hit the victim. The victim was killed by a bullet from a nine millimeter handgun. The police recovered fifteen spent shell casings from that gun at the scene.

1. Five days before the trial commenced at which the defendant was found guilty, a Superior Court judge granted a mistrial on the same indictment on the motion of the defendant. The defendant asserts that the second trial judge erred in denying his motion to dismiss based on double jeopardy grounds. He claims that the first trial judge provoked him into moving for a mistrial.

If a defendant has moved successfully for a mistrial, he waives any double jeopardy challenge to a retrial unless the judge or the prosecutor intentionally provoked the defendant into moving for a mistrial. *United States* v. *Aguilar-Aranceta*, 957 F.2d 18, 21-22 (1st Cir.), cert. denied, 506 U.S. 834 (1992). Most of our cases have involved alleged goading by the prosecution. See, e.g., *Donavan* v. *Commonwealth*, 426 Mass. 13, 14-16 (1997); *Poretta* v. *Commonwealth*, 409 Mass. 763, 765-769 (1991). Judicial

misconduct, such as bad faith conduct or overreaching, could support a claim of double jeopardy even if a defendant moved for a mistrial. See *Mercedes* v. *Commonwealth*, 405 Mass. 693, 696 (1989); *Commonwealth* v. *Andrews*, 403 Mass. 441, 448 (1988). The judicial misconduct must be intended to provoke the defendant into making such a motion. See *Oregon* v. *Kennedy*, 456 U.S. 667, 675-676 (1982).

The defendant does not make out a case of intentional provocation, such as bad faith conduct or overreaching, by the first trial judge. Marilyn McClure was the only witness at the first trial. Her testimony was not as complete as her statement to the police. The prosecutor was unsuccessful in getting her to refresh her memory. The judge made a suggestion to the prosecutor as to how to proceed, to which defense counsel objected. When the trial continued, the prosecutor sought to lay a foundation for admission of McClure's recorded statement to the police. A further colloquy between defense counsel and the judge led the judge to inquire whether defense counsel thought that the judge was assisting the prosecution or siding with the prosecutor. Although defense counsel denied that that was his position, the judge said that he would declare a mistrial if defense counsel moved for it. Defense counsel consulted with his client and moved for a mistrial.

There is no indication that the judge intended to provoke the defendant into moving for a mistrial. Neither judicial bad faith nor overreaching appears in the record. The judge extended the option of a mistrial to the defendant and, after consultation with counsel, the defendant elected to accept the offer. The defendant seems to be "trying to fault the judge for an effort to be fair to him." *Commonwealth* v. *Patten*, 401 Mass. 20, 25 (1987).

2. Over objection, the Commonwealth was permitted to introduce the tape recording of McClure's June 3, 1990, statement to the police. The Commonwealth correctly argues that the statement was admissible, in the judge's discretion, as past recollection recorded, an established hearsay exception.

A memorandum or recording may be admissible under this exception if (1) the witness has no revivable recollection of the subject, (2) the witness had firsthand knowledge of the facts recorded, (3) the witness can testify that the statement was truthful when made, and (4) the recording was made when the events were fresh in her memory. See *Commonwealth* v. *Bookman*, 386 Mass. 657, 663-664 (1982); Proposed Mass. R. Evid. 803 (5).

The defendant argues that the statement was inadmissible because the witness had sufficient recollection to testify fully and accurately. Although she testified on the stand to certain events of importance to the prosecutor's case, she confessed to a lack of recollection of other details. The judge found that McClure had insufficient recollection to testify fully. A witness's inability to remember details of an event described in a statement can justify the discretionary admission of the statement if it otherwise meets the test for admissibility. See *Commonwealth* v. *Galvin*, 27 Mass. App. Ct. 150, 151-153 (1989); *Commonwealth* v. *Greene*, 9 Mass. App. Ct. 688, 689-691 (1980).

The defendant does not challenge the admissibility of the recording on any other ground. McClure's statement was recorded four days after the killing. She testified that what she said in the recording was true to the best of her ability at the time of the recording. The judge did not abuse his discretion in admitting McClure's recorded statement.

3. The evidence warranted the submission of the case to the jury on the theory that the defendant was either the principal or a joint venturer in the killing. For this reason, the failure of defense counsel either to seek a jury instruction limiting the theory of his guilt or to obtain separate jury determinations on the two alternative bases for determining his guilt of deliberately premeditated murder did not prejudice the defendant, much less cause a substantial likelihood of a miscarriage of justice. The jury did not have to be unanimous in concluding that the defendant was either the principal or the joint venturer. See *Commonwealth* v. *Cowels*, 425 Mass. 279, 285 (1997); *Commonwealth* v. *Brooks*, 422 Mass. 574, 576-577 (1996); *Commonwealth* v. *Cohen*, 412 Mass. 375, 380 (1992).

4. The judge's instruction describing all three prongs of malice, although only the intention to kill is relevant to a charge of premeditated murder in the first degree, did not create a substantial likelihood of a miscarriage of justice. His instruction on deliberate premeditation was correct and required that the jury find, beyond a reasonable doubt, an intention to kill before they could find deliberate premeditation warranting a verdict of guilty of murder in the first degree. See *Commonwealth* v. *DiBenedetto, ante* 414, 425 (1998); *Commonwealth* v. *Johnson*, 426 Mass. 617, 622 (1998); *Commonwealth* v. *Diaz*, 426 Mass.

548, 552-554 (1998); *Commonwealth* v. *Waite*, 422 Mass. 792, 804-805 (1996).

*Judgment affirmed.*