## COMMONWEALTH vs. ROBERT H. HOSMER.

No. 99-P-900.

Hampden. March 15, 2000. - May 2, 2000.

Present: KASS, GILLERMAN, & JACOBS, JJ.

*Practice, Criminal,* Dismissal, Amendment of indictment or complaint, Judicial discretion.

Where there was no showing that a criminal defendant would have been prejudiced in the defense of a complaint for operating a motor vehicle while under the influence of liquor by the allowance of the Commonwealth's motion, made during the testimony of the first trial witness, to amend the complaint to change the date of the offense to the next calendar day, a District Court judge erred in denying the Commonwealth's motion and dismissing the complaint with prejudice. [190-191]

COMPLAINT received and sworn to in the Chicopee Division of the District Court Department on September 22, 1998.

The case was heard by *Robert L. Howarth*, J.

*Jane Davidson Montori*, Assistant District Attorney, for the Commonwealth.

*Barbara J. Sweeney* for the defendant.

KASS, J. Minutes into direct examination of the Commonwealth's first witness, the prosecutor moved to amend the complaint to reflect that the offense charged, driving under the influence of alcohol — second offense, had occurred on September 21, 1998, rather than September 22, 1998. Defense counsel objected, and a judge of the Chicopee District Court, who was hearing the case jury-waived, denied the motion. The prosecutor, following argument to persuade the judge to reconsider, was told by the judge, "Your motion has been denied. You have a right to appeal." At that, the prosecutor remonstrated, "I didn't make a decision not to proceed at this point." The judge made it abundantly clear that he regarded the case over and said, once again, "You have the right to appeal

my decision." We conclude that the judge dismissed the Commonwealth's complaint, and that this was an abuse of discretion.

1. *Status of case at conclusion of proceedings in the District Court.* Purportedly, the case comes to us under G. L. c. 278, § 28E, which, among other things, authorizes a district attorney to appeal a decision in the District Court allowing a motion to dismiss a complaint.[1] Neither the docket nor the transcript of proceedings shows a motion by the defendant to dismiss the complaint or the allowance of such a motion. Indeed, the District Court docket, by a check mark, records a finding of not guilty. Although the transcript does not contain such a finding, the Commonwealth acknowledges that the judge uttered, "not guilty," as he strode off the bench.

If there was a finding of not guilty, principles of double jeopardy prevent a retrial of the defendant on the same charge. *Commonwealth* v. *Brusgulis*, 398 Mass. 325, 333 (1986). In considering "the exact nature of the action taken by the District Court judge," however, we are not bound by labels or checkmarks on a form, but we inquire whether there was a resolution of any of the facts that make up the offense charged. *Commonwealth* v. *Babb*, 389 Mass. 275, 281 (1983). See *United States* v. *Martin Linen Supply Co.*, 430 U.S. 564, 571 (1977); *United States* v. *Scott*, 437 U.S. 82, 96 (1978). A reading of the transcript of the trial — before it came to an abrupt end — discloses that the testimony of the first witness, a security officer at Westover Air Reserve Base, did not proceed beyond a description of the roads into the base and a question about whether he had noticed a car that aroused his suspicion. Then the prosecutor started to ask, "At around 11:40 or so in the evening," and at that point, hesitated and interjected, "Actually

---

[1] The first paragraph of G. L. c. 278, § 28E, as amended by St. 1991, c. 488, §§ 11 & 12, provides: "An appeal may be taken by and on behalf of the commonwealth by the attorney general or a district attorney from the district court to the appeals court in all criminal cases and in all delinquency cases from a decision, order or judgment of the court (1) allowing a motion to dismiss an indictment or complaint, (2) allowing a motion to suppress evidence, or (3) denying a motion to transfer pursuant to section sixty-one of [c. 119]." Subsequent paragraphs in the statute deal with appeals to the Supreme Judicial Court from decisions in the Superior Court to dismiss an indictment or complaint or the allowance in the Superior Court of a pretrial motion to suppress evidence. The appeal provisions of § 28E reappear in Mass.R.Crim.P. 15(a), as appearing in 422 Mass. 1501 (1996).

we're, Your Honor, I'm going to have to make an oral motion to amend the date of the offense. I just noticed that it's September 21st." Defense counsel objected, the government's motion to amend was denied, and, as described above, presentation of evidence came to a conclusion. There was no testimony that would have enabled the judge to decide whether the defendant on September 21 or 22, 1998, was driving an automobile on a public way and, if so, whether the defendant was impaired by alcohol while driving. At the point the judge ended the trial, he could not have made a finding of any essential fact and, therefore, could not have decided that the defendant was entitled to a required finding of not guilty.

It is apparent from the record that the judge cut off the trial because he thought there was a fatal variance between the facts and the complaint and he had determined not to permit an amendment of the complaint. The true nature of the judge's action, therefore, was to dismiss the complaint with prejudice in light of the defense objection. See *Commonwealth* v. *Babb,* 389 Mass. at 281. That action may be reviewed under G. L. c. 278, § 28E, and Mass.R.Crim.P. 15(a), as appearing in 422 Mass. 1501 (1996).

2. *Whether the dismissal was correct.* One gathers from the uncompleted question of the prosecutor that he was going to ask the witness about an observation at 11:40 P.M. on September 21, 1998, i.e., twenty minutes short of September 22, 1998, the date of the offense as typed onto the complaint form. There was a State trooper, presumably the arresting officer, waiting in the wings as a witness. By the time that officer prepared a complaint, it would likely have been into the early hours of September 22. Whether there was a variance between the facts of the offense and the complaint may have been arguable. To the extent there was a variance between the proof and the complaint as to the day of the offense, it was immaterial, unless the defendant was prejudiced in his defense. G. L. c. 277, § 35. Mass.R.Crim.P. 4(d), 378 Mass. 849 (1979). *Commonwealth* v. *Wright,* 411 Mass. 678, 683 (1992). *Commonwealth* v. *A. Graziano, Inc.,* 35 Mass. App. Ct. 69, 74 (1993). *Commonwealth* v. *Clarke,* 48 Mass. App. Ct. 482, 488-489 (2000). Smith, Criminal Practice and Procedure § 741 (2d ed. 1983). Moving to amend the complaint was a belt-and-suspenders caution. A motion to amend is allowable, even though trial had begun, *Commonwealth* v. *Sitko,* 372 Mass. 305, 307-308 (1977), *Com-*

*monwealth* v. *Downey,* 12 Mass. App. Ct. 754, 761-762 (1981), unless the defense would be prejudiced by the amendment. *Commonwealth* v. *Murphy,* 415 Mass. 161, 165 (1993). *Commonwealth* v. *Kapsalis,* 26 Mass. App. Ct. 448, 454 (1988).

There is not even a hint of prejudice to the defendant flowing from a one-day change of date in the complaint. The date is not an essential ingredient of the offense of driving under the influence of intoxicating liquor. Apprehension of the defendant may have occurred during a twenty-minute span before the time the date cited, September 22, 1998, began. The defendant could hardly have been in doubt as to the occasion which led to the complaint against him. See *Commonwealth* v. *Saya,* 14 Mass. App. Ct. 509, 511 (1982).

It is apparent from the transcript of the trial that the judge acted as he did not because he thought the defendant might suffer prejudice by the proposed amendment to the complaint but because he thought the government should do better and get it right the first time. In explanation of his ruling, the judge said:

> "My problem is this has happened before, not with yourself, but it's happened before. And I've heard the same argument from the District Attorney that the date of the offense doesn't matter. Well if that's the case, let's put all cases on for the year 2,000 and something date of offense because if it doesn't matter, it does matter. It does matter."

We are not without understanding of "a show of evanescent irritation — a modicum of quick temper that must be allowed even judges." *Offutt* v. *United States,* 348 U.S. 11, 17 (1954). In a situation such as this, however, there is an interest beyond the prosecutor, the defendant, and the judge, and that is the interest of the general public in just disposition of the case. If a defendant has committed a second offense of driving under the influence of intoxicating liquor it is a serious offense and there is a serious public safety concern that the defendant be punished as prescribed by law. That concern may not be subordinated to a judge's wish to give a course of instruction in pleading to a district attorney's office. See *Commonwealth* v. *Cinelli,* 389 Mass. 197, 210, cert. denied, 464 U.S. 860 (1983) ("Absent egregious misconduct or at least a serious threat of prejudice, the remedy of dismissal infringes too severely on the public interest in bringing guilty persons to justice").

The order dismissing the complaint is vacated and the complaint shall be brought forward for trial in the District Court.

*So ordered.*