Connolly, J.
The defendant, Lavadus Williams, stands indicted for armed robbery. The defendant now moves to dismiss the indictment on double jeopardy grounds. For the following reasons, the motion is DENIED.

FINDINGS OF FACT

On or about September 4, 1998, there was an armed robbery of the Citizen’s Bank in Milton, Massachusetts. The alleged robber, a white man, was seen getting into the back seat of a car driven by a black woman with a black man riding as a passenger. The alleged getaway car was identified by Jesse and David Forsyth. The car was pursued by both the Milton and Boston Police. The defendant was apprehended by the Boston Police, identified by one of the other defendants, and taken into custody by the Milton Police.
On April 19, 2001, a jury trial was held before a justice (Graham, J.) of the Superior Court in Norfolk County. A mistrial was declared after a prosecution witness inadvertently disclosed previously suppressed information regarding the defendant’s identity. Prior to the trial, a suppression hearing was held before a justice (Chernoff, J.) of the Superior Court. At that hearing, an agreement was made between the Commonwealth and the defendant that there would be no mention of the identification of the defendant by the witnesses who had identified the getaway car. At the trial, the following exchange between the prosecutor and Officer Kenney of the Milton Police Department occurred:
Q. Finally, sir, did you have an occasion to be present when David and Jesse Forsyth were brought to the Milton Police Station on September 4th 1998?
A. Yes, sir.
Q. And with respect to an identification of the vehicle that had been secured, the vehicle that had crashed on Beckett Street, did they have an opportunity to see that vehicle?
A. Yes, sir, they did.
Q. And what did they indicate with respect to that vehicle?
A. Both indicated in my presence, and I was able to hear them, that Mr. Williams was the man who was in that front seat of that vehicle outside their bicycle shop.
The defendant requested a sidebar and argued for a mistrial. At sidebar, the Court decided, since it was 12:55pm, to recess for lunch and resume in the afternoon. The Court resumed at 2:18pm. After reviewing the taped recording of the morning’s proceedings, the defendant continued to move for a mistrial. Over the objection of the prosecution, the Court granted the mistrial based on the ruling from the suppression hearing. The defendant is now moving for dismissal of the indictment based on double jeopardy grounds.

RULINGS OF LAW

Usually a mistrial granted upon the defendant’s request does not present a bar to retrial on double jeopardy grounds. See Commonwealth v. Babb, 389 Mass. 275, 282 (1983). The grant of a mistrial followed by a new trial is the relief fypically granted where a defendant is prejudiced by a prosecutor’s failure to disclose properly exculpatory, material evidence. See Commonwealth v. Ellison, 376 Mass. 1, 3 (1978). There are, however, situations where the grant of a mistrial or the dismissal of an indictment on the defendant’s motion will prevent retrial of the defendant. Where a defendant’s motion to dismiss or for a mistrial based *462 upon "prosecutorial misconduct” is allowed, the double jeopardy clause may be a bar to further prosecution. See Commonwealth v. Lam Hue To, 391 Mass. 301, 311 (1984). To implicate double jeopardy protections, prosecutorial misconduct must be of a specific character: “Only where the governmental conduct in question is intended to ‘goad’ the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.” Id. The burden is on the defendant to show prosecutorial “goading.” See Commonwealth v. Andrews, 403 Mass. 441, 448 (1998). The question whether a prosecutor intentionally provoked the defendant into moving for a mistrial is one of fact and requires either that the judge make such a finding or that the provocation be apparent on the record. Id. Unintentional prosecutorial mistakes, arising from negligence or inadvertence (as in this case), although resulting in mistrials, do not bar a second trial. See Donavan v. Commonwealth, 426 Mass. 13, 15 (1997).
In Commonwealth v. Nolan, 427 Mass. 541 (1998), the Court held that double jeopardy principles did not bar retrial of a criminal defendant after the judge at the first trial allowed his motion for a mistrial and where the record did not indicate that the judge in bad faith or by overreaching provoked the defendant into moving for a mistrial. Nolan, 427 Mass. at 542-43. In the instant case, there is no indication of any bad faith or overreaching which provoked the defendant into moving for a mistrial. The prosecution asked a question of a witness anticipating that the witness would identify the car involved, not the suppressed identification of the defendant. The prosecution also sought to cure the problem by asking further questions. The Court thought the more conservative approach would be to grant the mistrial. Nowhere in any of the transcripts from the trial or the bench conference is there any evidence of any bad faith or overreaching by either the judge or the prosecutor. As such, the defendant has not met his burden of showing prosecutorial goading.

ORDER

For the reasons stated, the Defendant’s Motion to Dismiss on Double Jeopardy Grounds is DENIED.