## COMMONWEALTH vs. WILLIAM G. CURTIS, JR.

No. 99-P-2051.

Plymouth. September 11, 2001. - January 24, 2002.

Present: LENK, KAPLAN, & DOERFER, JJ.

*Practice, Criminal,* Appeal by Commonwealth, Conduct of prosecutor, Mistrial.

The Commonwealth could appeal the judge's grant at a criminal trial of a mistrial "with prejudice," even though such an action is not normally appealable or a bar to retrial on double jeopardy grounds, where the judge's action explicitly prohibited the Commonwealth from retrying the defendant, and was therefore an act of finality. [638-639]

This court reversed an order barring the retrial of a criminal case in which the judge had granted a mistrial "with prejudice," where the judge failed to make findings of prosecutorial provocation, overreaching, harassment, or other intentional misconduct aimed at provoking a mistrial. [639-641]

COMPLAINT received and sworn to in the Plymouth Division of the District Court Department on February 23, 1998.

A mistrial was ordered by *Joan E. Lynch,* J.

*Bridget Norton Middleton,* Assistant District Attorney, for the Commonwealth.

*Marshall E. Johnson* for the defendant.

LENK, J. During a jury trial on a principal charge of operating a motor vehicle while under the influence of alcohol,[1] the trial judge declared a mistrial "with prejudice" and ordered that no retrial take place. The judge did so after the Commonwealth's first witness, the arresting officer, impermissibly testified that a breathalyzer had been offered to the defendant after his arrest. The propriety of the declaration of a mistrial is not at issue on appeal. The Commonwealth appeals only the order barring

---

[1]The defendant also was charged with failing to stop for a police officer and cited for speeding and operating without lights being displayed.

retrial, claiming that the judge employed an incorrect legal standard and that application of the correct standard would in the circumstances permit retrial. We reverse.

*Factual background.* The defendant, William G. Curtis, Jr., was arraigned on charges of operating under the influence of liquor and failing to stop for a police officer. Defense counsel requested that the trial prosecutor avoid mention of the breathalyzer examination offered to the defendant after his arrest, in accordance with G. L. c. 90, § 24(1)(*e*).[2] The Commonwealth complied, advising its witnesses to avoid any such reference. Nonetheless, its first witness, in a nonresponsive answer to an innocuous question, testified that a breathalyzer test had been offered to the defendant.

Defense counsel promptly objected, successfully moved to strike the reference, and after a brief sidebar, moved to dismiss. The judge rejected the motion as untimely on the rationale that jeopardy had already attached, and treated the motion as one for mistrial. The defendant argued that had the prosecutor in fact, as earlier promised, warned his witnesses not to mention the breathalyzer examination, the subsequent mention by an experienced police officer in the face of such warning constitutes the "kind of intentional conduct that [the court] would need to find to dismiss the case based upon prosecutorial misconduct." The judge noted that the prosecutor's question "did not invite the [officer's] answer," a comment made even before hearing the prosecutor's version of events, i.e., that he had advised the officer of the breathalyzer prohibition just before the witness entered the court room, and that the question was not calculated to elicit such a reference. The judge then allowed the motion for mistrial, and the defendant immediately thereafter renewed his motion for dismissal. The judge ruled from the bench that:

> "It's not a Motion to Dismiss, but I find no manifest necessity for this case to be re-tried in light of the conversation that was held between the [prosecutor] and the witness, an experienced police officer one who at a minimum should

[2]The statute reads in relevant part: "Evidence that the defendant failed or refused to consent to such test or analysis shall not be admissible against him in a civil or criminal proceeding . . . ." G. L. c. 90, § 24(1)(*e*), as appearing in St. 1994, c. 25, § 5.

have known better than to [elicit] a breathaly[z]er-right question before a jury and then having been re-advised did so. In any event, I find there is no manifest necessity to ever try this case again."

She then allowed the defendant's motion for mistrial "with prejudice."

At this point, the officer stepped forward to apologize. While conceding that he should have known better, he claimed that he had not intended to mention the breathalyzer test, that the reference was "just a slip," and that he had just raced from another proceeding in the same court house. The judge accepted the apology, as did defense counsel, who added, "I don't think it was· any free-willed intent but nonetheless." The judge concurred with defense counsel's assessment and, sometime later that day, ordered that the following findings be entered on the docket:

> "The [prosecutor] is without fault; in fact, he sought to prevent any potential problem by interviewing the arresting officer in advance of trial and at the request of defense counsel. He made it clear to the officer that he should not mention the breathalyzer test. At trial, the officer offered testimony about the breathalyzer test — that the defendant was offered the test. The testimony was not responsive to the Commonwealth's question. Accordingly, the Court finds prosecutorial misconduct and therefore a retrial is barred."

*Discussion.*

1. *The Commonwealth's right of appeal.* The defendant has moved to dismiss the Commonwealth's appeal, arguing that the Commonwealth may not take an appeal from the declaration of a mistrial with prejudice, which he maintains is neither a dismissal nor an otherwise appealable interlocutory order. See G. L. c. 278, § 28E; Mass.R.Crim.P. 15, as appearing in 422 Mass. 1501 (1996). The defendant observes that the Commonwealth has not sought to retry the defendant and that no motion to dismiss has been granted from which an appeal might then otherwise lie.

In determining whether the Commonwealth may take an appeal from a judicial action, we look to the true nature of the action rather than to what it has been termed or to its particular form. See *Commonwealth* v. *Hosmer*, 49 Mass. App. Ct. 188, 189-190 (2000). Compare *Commonwealth* v. *Babb*, 389 Mass. 275, 281 (1983); *Commonwealth* v. *Lam Hue To*, 391 Mass. 301, 306 n.5 (1984) (single justice correctly inferred from entire record that trial judge intended for dismissal to preclude further proceedings); *Commonwealth* v. *Vaidulas*, 433 Mass. 247, 252 (2001) (claim that court cannot review improperly captioned notice of appeal "elevates form over substance"); *Commonwealth* v. *Powers*, 21 Mass. App. Ct. 570, 571 (1986) (oral motion for mistrial raised after jury returned verdict and was discharged is treated as motion for new trial). We are not bound by labels or checkmarks on a form. See *Commonwealth* v. *Hosmer*, *supra* at 189. "Whether the Commonwealth has a right of appeal from the judge's ruling does not turn on the defendant's characterization of his motion as one for a mistrial." *Commonwealth* v. *Powers*, *supra*.

The judge declared a mistrial upon the defendant's request; such an action ordinarily is neither appealable by the Commonwealth nor a bar to retrial on double jeopardy grounds. See *Commonwealth* v. *Lam Hue To*, *supra* at 310-311. Yet, in declaring a mistrial "with prejudice," the judge explicitly prohibited the prosecution from retrying the defendant and entered findings to that effect. The essence of the judicial action was finality: to dismiss the complaint with prejudice. See *Commonwealth* v. *Hosmer*, *supra* at 190. As such, it is reviewable.

2. *The bar on retrial.* As noted above, a mistrial declared upon a defendant's request ordinarily does not present a bar to retrial on double jeopardy grounds. See *Commonwealth* v. *Lam Hue To*, *supra*. An order of a mistrial or of a dismissal based upon prosecutorial misconduct bars retrial only if the misconduct is of a specific character: " 'some form of "overreaching," "harassment," or other intentional misconduct on the part of the prosecution aimed at provoking a mistrial . . . .' Unintentional prosecutorial mistakes, arising from negligence or inadvertence . . . , although resulting in mistrials, do not bar a second trial." (Citation omitted.) *Commonwealth* v. *Cobb*, 45 Mass.

App. Ct. 271, 274 (1998).[3] See *Commonwealth* v. *Lam Hue To*, *supra* at 311 (misconduct involving prosecution's lack of disclosure of exculpatory evidence and inept and "bungling" performance by police was insufficient to invoke double jeopardy bar); *Donavan* v. *Commonwealth*, 426 Mass. 13, 14-16 (1997) (unintentional failure to lay proper foundation to expert testimony insufficient to bar retrial on double jeopardy grounds).

It is plain from the record before us that, at least initially, the judge applied the wrong legal standard when she barred retrial after determining that there was no manifest necessity to retry the defendant. The "manifest necessity" test has no application in situations where, as here, the defendant requested or effectively consented to the mistrial. See *Commonwealth* v. *Phetsaya*, 40 Mass. App. Ct. 293, 297 (1996). Addtionally, "manifest necessity" refers to the need to grant a mistrial over the defendant's objection, not the need to retry the defendant.[4] See *ibid.* The judge's subsequently entered findings complicate rather than correct this error. The entry does not refer to the "manifest necessity" test or even to the mistrial order, but instead cites "prosecutorial misconduct" as the reason to bar retrial. Even assuming these findings reflect a belated attempt to apply the proper legal standard, we conclude that the order must nonetheless be vacated because the judge failed to make findings necessary to bar a retrial, viz., that the prosecutorial misconduct constituted " 'overreaching,' 'harassment,' or other intentional misconduct on the part of the prosecution aimed at provoking a mistrial." *Commonwealth* v. *Cobb, supra.*

We recognize that the specific character of the prosecutorial misconduct at issue presents a "question of fact." *Commonwealth* v. *Andrews*, 403 Mass. 441, 448 (1988). See *Commonwealth* v. *Murchison*, 392 Mass. 273, 276 (1984) (remanding case for further findings and rulings in light of decision in

---

[3]We assume for purposes of this case that police conduct is attributable to the Commonwealth for purposes of prosecutorial misconduct analysis. See *Commonwealth* v. *Lam Hue To*, 391 Mass. at 311.

[4]It is unfortunate that the Commonwealth at the time neither voiced an objection to the "manifest necessity" test used by the judge, nor attempted then or in a later motion for reconsideration to alert the judge to the correct legal standard; any of these steps might well have obviated the need for this appeal.

*Commonwealth* v. *Lam Hue To*, 391 Mass. 301 [1984]). Nevertheless, we think a remand unnecessary since findings of prosecutorial provocation, overreaching or harassment, are simply not supportable on this record. See *Commonwealth* v. *Cobb, supra* at 274-275. See also *Commonwealth* v. *Lam Hue To*, 391 Mass. at 312. The judge neither found nor even suggested that she disbelieved the police officer's explanation. Indeed, the defendant does not contend that either the prosecutor or the officer desired to induce a mistrial. Nonetheless, he chafes at the description of the misconduct as simple "inadvertence" and appears to suggest that this case involves misconduct of a reckless nature warranting the severest sanction. The defendant, however, neither cites to controlling authority for such a proposition nor suggests any persuasive reason why retrial should be barred merely because of an unintentional reference by an officer who, all agree, "should have known better." Though a reckless reference in certain circumstances might prove sufficiently egregious to constitute overreaching, this is not such a case. See *Donavan* v. *Commonwealth, supra* at 15 n.2 (acknowledging cases from other jurisdictions, cited by defendant in that case, that bar retrial as result of egregious or gross misconduct).

There is no intimation here that the prosecutor or the officer sought to avoid the completion of the trial or acted in bad faith, that the Commonwealth's case was lacking, or that irremediable harm to the defendant resulted from the utterance. See *Commonwealth* v. *Lam Hue To, supra*; *Donavan* v. *Commonwealth*, 426 Mass. at 14, 16; *Commonwealth* v. *Cobb*, 45 Mass. App. Ct. at 274-275. We reverse the order barring retrial.

*So ordered.*