After a jury trial in the District Court, the defendant, William H. Crombie, was convicted of operating a motor vehicle while under the influence of intoxicating liquor. G. L. c. 90, § 24 (1) (a ) (1). On appeal, the defendant claims that the trial judge erred in (1) failing to instruct the jury that the police officer's testimony was lay testimony rather than expert testimony and (2) permitting testimony, without expert foundation, of two particular field sobriety tests (FST), and (3) that the cumulative effect of the errors requires reversal. We affirm.
Discussion. 1. Jury instruction. The defendant argues that the judge should have, sua sponte, instructed the jury that Officer Patrick Leahy's testimony regarding the defendant's performance on the field sobriety tests was lay rather than expert testimony. Because the defendant did not object to the judge's instructions, we must determine whether there was an error and, if so, whether the error created a substantial risk of a miscarriage of justice. Commonwealth v. Alphas, 430 Mass. 8, 13 (1999). We discern no error.
"Trial judges are accorded considerable discretion in framing jury instructions, both in determining the precise phraseology used and the appropriate degree of elaboration." Commonwealth v. Newell, 55 Mass. App. Ct. 119, 131 (2002). The judge instructed the jury to "rely on your own experience and common sense about the effects of alcohol," and to "consider any believable evidence about the defendant's alleged consumption of alcohol, as well as the defendant's appearance, condition and behavior at the time." She also repeatedly instructed the jury that they were "the sole and exclusive judges of the facts."
Here, Leahy's testimony did not indicate that he possessed or used scientific or technical knowledge in determining the defendant's level of intoxication, but simply that he learned about the administration of field sobriety tests while at the police academy. Moreover, Leahy's testimony stayed within the boundaries of lay testimony, as he opined on the defendant's level of intoxication, not the defendant's operation of a motor vehicle while under the influence of intoxicating liquor. Cf. Commonwealth v. Canty, 466 Mass. 535, 542 (2013). The judge repeatedly instructed the jury to rely on their own common knowledge in order to deduce the defendant's level of intoxication, and there was no error. "A lay juror understands that intoxication leads to diminished balance, coordination, and mental acuity from common experience and knowledge." Commonwealth v. Sands, 424 Mass. 184, 188 (1997).
Even if the judge's failure to give such an instruction sua sponte was error, it did not result in a substantial risk of a miscarriage of justice given the considerable other evidence of the defendant's impaired ability to operate a motor vehicle. Leahy testified that he observed the defendant drive the wrong way down a one-way street and that the defendant's vehicle nearly hit Leahy's police cruiser. Leahy also testified that the defendant smelled strongly of alcohol, slurred his words, and had difficulty following instructions. When Leahy requested the defendant's registration, the defendant handed Leahy a store receipt. In addition, Leahy made observations during the FSTs, including that the defendant could not walk in a straight line and had difficulty with balance.
2. Challenge to certain FSTs without expert foundation. Leahy testified that he asked the defendant to state the month and year of his birth. The defendant stated the month, date, and year of his birth. Leahy testified that he then asked the defendant to recite the alphabet, without singing, from the letter D to the letter U. When the defendant did not understand the instructions, Leahy demonstrated what he wanted and the defendant was not able to understand.
The defendant argues that these two FSTs were "not ordinary field sobriety tests" and, therefore, required expert foundation under Daubert-Lanigan. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Commonwealth v. Lanigan, 419 Mass. 15 (1994). The defendant likens both FSTs at issue to a Horizontal Gaze Nystagmus (HGN) test, which is a scientific test requiring the Commonwealth to lay an evidentiary foundation because it "is not within the common experience of jurors." Sands, 424 Mass. at 188.
The defendant did not object to Leahy's testimony concerning the defendant's month and year of birth. In addition, the parties disagree as to whether the defendant preserved an objection to the modified alphabet FST. If there is an error, we must determine whether that error carried a substantial risk of a miscarriage of justice. Alphas, 430 Mass. at 13. We conclude there was no error in allowing testimony about either of these FSTs.
A person's ability to state just the month and year of their birth is within the common understanding of jurors. Similarly, the alphabet test used here, while modified, is still a rote exercise and within the common experience of jurors. The difference between the two FSTs at issue here and the HGN test does not lie in their respective difficulties, but rather in a lay person's ability to analyze the results. Leahy's deviation from standard practices in administering the FSTs does not affect the admissibility of the evidence.[2] See Commonwealth v. Schutte, 52 Mass. App. Ct. 796, 801 (2001), quoting Commonwealth v. Vaidulas, 433 Mass. 247, 254 (2001) ("Any failure to adhere to training standards ... 'b[ore] on the weight of his testimony' "). To the extent the two FSTs might have required use of thought, the roadside questioning of a motorist detained during a routine traffic stop does not constitute custodial interrogation for purposes of the Miranda rule. See Pennsylvania v. Bruder, 488 U.S. 9, 10-11 (1988) ; Berkemer v. McCarty, 468 U.S. 420, 436-442 (1984). As the Supreme Judicial Court explained in Vanhouton v. Commonwealth, 424 Mass. 327, 332 n.9, cert. denied sub nom. Van Houten v. Massachusetts, 522 U.S. 834 (1997), the motorist is not in custody and there is no violation of his right against self-incrimination because the motorist's responses are not the product of governmental compulsion.[3]
Judgment affirmed.

Nothing in this decision should be read to endorse the officer's use of either of these FSTs. Our search of all the appellate decisions in Massachusetts revealed sparse use of the modified alphabet test and no case reporting the use of the month and year of birth inquiry. As this appeal illustrates, deviation may complicate rather than elucidate. Moreover, given that it is common to be "nervous during even a mundane encounter with police" (quotation omitted), Commonwealth v. Sheridan, 470 Mass. 752, 758-759 (2015), a motorist's difficulty performing a modified rote exercise may not be indicative of intoxication.

Given our conclusions herein, there was no cumulative error.