COMMONWEALTH *vs.* BRUCE F. MARTELLI.

No. 94-P-1172.

Worcester. May 16, 1995. - June 27, 1995.

Present: KASS, SMITH, & GREENBERG, JJ.

*Practice, Criminal,* Trial jury-waived, Argument by counsel. *Constitutional Law,* Right to make closing argument.

A District Court judge committed reversible error by refusing to hear defense counsel's closing argument at a jury-waived trial of a criminal complaint. [671-672]

COMPLAINT received and sworn to in the Worcester Division of the District Court Department on August 18, 1993.

On transfer to the jury session, the case was heard by *Elliott L. Zide,* J.

*Christopher P. Hodgens,* Assistant District Attorney, for the Commonwealth.

*Jamal T. Aruri* for the defendant.

SMITH, J. The defendant was charged in a complaint with leaving the scene of an accident after causing property damage. He waived a jury and was found guilty by a District Court judge, who sentenced him to 120 days in a house of correction. On appeal, the defendant raises one issue — whether the judge committed reversible error by refusing to hear defense counsel's closing argument.

At trial the Commonwealth introduced evidence that the defendant backed his automobile into the rear end of a parked car, causing an estimated $3,000 in damage. The defendant then drove away from the scene without making himself known.

The defendant testified that he and a friend had left a bar near closing time. The defendant's friend stopped to talk to a young woman, who became quite upset. The defendant and

his friend got into the defendant's automobile but were quickly surrounded by several young men who uttered threats. The men started to "rock" the automobile, and the defendant decided to leave the scene. He backed up his automobile and drove away. The defendant denied hitting any vehicle. The defendant's friend testified and stated, among other things, that he did not know whether the defendant had hit a car because, as a result of the crowd that had gathered and the "yelling and screaming" going on, "[w]e just wanted to get the hell out of there."

After the defendant's friend testified, defense counsel informed the court that he had nothing further to offer in the way of testimony. The following occurred:

> DEFENSE COUNSEL: "I would rest, Judge. Judge, as you've heard —"

> THE COURT: "I don't want to hear anything. Don't bury — don't do this to yourself, please, Mr. Mahoney."

> DEFENSE COUNSEL: "Judge, I think under the circumstances —"

> THE COURT: "Mr. Mahoney, if you want to do it, fine with me. I'm giving you friendly advice."

> DEFENSE COUNSEL: "I'd rest on the evidence presented, Judge."

> THE PROSECUTOR: "I'll waive argument, Your Honor. I think the evidence speaks for itself."

> THE COURT: "I'm glad this case didn't go to the jury because they would have all wondered what was going on.
>
> "I don't think I've ever heard in my seven-year judicial career — I wrote down words which were more judicious, like disingenuous, prevarication. I don't think I've ever seen before a more blatant, more blatant at-

tempt to mislead and to make up a story than I heard today in this court by the defendant and his witness.
"I find the defendant guilty."

Here, the defendant contends that the judge, by his words to defense counsel after the defendant rested, refused to hear closing argument by counsel. The Commonwealth, however, argues that, although the judge may have discouraged defense counsel from making a closing argument, he did not prohibit such an argument. We have held that a judge at a jury-waived criminal trial created a substantial risk of a miscarriage of justice necessitating a new trial when, after declaring that his mind was made up, he precluded counsel from making closing argument. *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 11, 22-23 (1986). We based our decision on the United States Supreme Court decision in *Herring* v. *New York*, 422 U.S. 853, 859 (1975), which held that the denial of the opportunity for a closing argument in a nonjury criminal trial is "a denial of the basic right of the accused to make his defense."[1]

Here, the record shows that when defense counsel started to make his closing argument, the judge interrupted him and said, "I don't want to hear anything." When defense counsel responded, "Judge, I think under the circumstances —," the judge again interrupted him and said, "[I]f you want to

---

[1] In ruling in *Herring* that a defendant has a right to a closing argument at a bench trial, the Supreme Court took note of the claim that a judge, because of his or her legal training and experience, will be likely at a bench trial to see the case clearly, thus rendering closing argument superfluous. *Id.* at 863 n.15.

The court found the claim to be unpersuasive. "Judicial training and expertise, however it may enhance judgment, does not render memory or reasoning infallible. Moreover, in one important respect, closing argument may be even more important in a bench trial than in a trial by jury. As Mr. Justice Powell has observed, the 'collective judgment' of the jury 'tends to compensate for individual shortcomings and furnishes some assurance of a reliable decision.' Powell, Jury Trial of Crimes, 23 Wash. & Lee L. Rev. 1, 4 (1966). In contrast, the judge who tries a case presumably will reach his verdict with deliberation and contemplation, but must reach it without the stimulation of opposing viewpoints inherent in the collegial decision-making process of a jury." *Ibid.*

do it, fine with me." However, the judge then told defense counsel, "I'm giving you friendly advice." Obviously, the "friendly advice" referred to the judge's previous statement to defense counsel, "I don't want to hear anything." As a result of the judge's comments, defense counsel waived argument.

We rule that the judge's comments amounted to a declaration that he believed the defendant to be guilty and, therefore, a closing argument would not change his mind. In effect, the judge refused to hear defense counsel's closing argument. The judge's action constituted error.

We are aware that defense counsel in this matter, as in *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. at 22, did not object to the judge's action. However, in *Miranda*, we pointed out that "[i]t is generally accepted . . . that prejudice as a result of the denial of closing arguments is assumed; and that such denial never can be harmless error." *Id.* at 22-23. We then ruled that "[f]or us to conclude that this denial did not create a substantial [risk] of a miscarriage of justice would be, in effect, to reject the importance assigned to the right [of the accused to make his defense] by the *Herring* decision." *Id.* at 23. Therefore, on this record, there must be a new trial.

*Judgment reversed.*
*Finding set aside.*