1. Facts. There was evidence before the jury of the following facts: On the night of September 27, 1994, James Freeman, a Boston police officer was conducting surveillance of drug activity in the area of Woolson and Norfolk Streets in Boston, a locality known to the police as so active in drug traffic that they characterized it as a drug supermarket. From within *865 125 feet and with the aid of binoculars, Officer Freeman observed eight to ten young men who had congregated in front of a vacant lot on Woolson Street. During his one hour and forty-five minute investigation, Freeman observed the defendant on three occasions engaging in what the officer believed were drug transactions. In each instance, the defendant would approach a vehicle stopped alongside the curb in front of the vacant lot, engage in a brief conversation with the driver, disappear into the lot for a short time, return to the car and exchange something with the driver.
Freeman, speaking over a twelve-channel walkie-talkie described to other officers in the surveillance squad, who were in an unmarked car, the cars driven by apparent customers in drug buys from the defendant. The other officers were able to stop only one of three vehicles in question, a red Honda Accord driven by Glen Williams. A police search of Williams’s car produced a small black opaque plastic bag of marihuana from under the driver’s seat. On the strength of that find, the police arrested the defendant. Sergeant Detective Kevin Waggett searched the vacant lot in the area to which he was directed by Officer Freeman and recovered a plastic bag inside of which were five smaller reddish zip-lock plastic bags containing marihuana. Although a misting rain had been falling all night, the bag of marihuana was dry. The police searched the defendant and found a plastic bag containing .11 grams of cocaine, $127 in cash, and two electronic beepers.
2. Denial of the defendant’s motion for a required finding of not guilty. We subject the defendant’s argument that he was entitled to a required finding of not guilty on the marihuana charges to the familiar test described in Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). See Commonwealth v. Talbot, 35 Mass. App. Ct. 766, 767 (1994). Defense counsel moved for a required finding at the close of the Commonwealth’s case and did not renew her motion at the close of the defendant’s case. Our review, therefore, is limited to the evidence presented by the Commonwealth. See Commonwealth v. Kelley, 370 Mass. 147, 150 & n.l (1976).
The police did not find marihuana on Johnson’s person. It, therefore, became the Commonwealth’s burden to prove his constructive possession over the “stash” of marihuana the police found in the lot. That required demonstrating that he had “knowledge coupled with the ability and intention to exercise dominion and control.” Commonwealth v. Brzezinski, 405 Mass. 401, 409 (1989). Commonwealth v. Deagle, 10 Mass. App. Ct. 563, 567 (1980). Commonwealth v. Sanchez, 40 Mass. App. Ct. 411, 415 (1996). “[Presence in an area where contraband is found ‘alone cannot show the requisite knowledge, power, or intention to exercise control over the [contraband but] presence, supplemented by other incriminating evidence, [including, of course, circumstantial evidence can] tip the scale in favor of sufficiency’ ” (citations omitted). Commonwealth v. Brzezinski, supra at 409-410. See Commonwealth v. Arias, 29 Mass. App. Ct. 613, 618 (1990), S.C., 410 Mass. 1005 (1991), and Commonwealth v. Brown, 34 Mass. App. Ct. 222, 227 (1993). “An inference . . . [drawn from circumstantial evidence] need only be reasonable and possible; it need not be necessary or inescapable.” Commonwealth v. Beckett, 373 Mass. 329, 341 (1977). Commonwealth v. Merola, 405 Mass. 529, 533 (1989). Commonwealth v. Arias, supra at 618.
*866 Freeman was an experienced narcotics officer. He had observed Johnson on three separate occasions talk briefly to the drivers of cars that had stopped, enter the vacant lot and, upon returning to the stopped vehicle, engage in an exchange with the driver. This pattern was consistent, Officer Freeman said, with drug sales; it also warranted an investigatory stop. A subsequent police stop and search of one of those vehicles resulted in the discovery of marihuana.[2] Johnson was the only person whom Officer Freeman observed go into or leave the vacant lot, strengthening the probability that he had control over the stash. Even at some distance, it was easy to pick Johnson, who weighed 300 pounds, out of the group of men. A rational jury could have found beyond a reasonable doubt, that Johnson constructively possessed the stash of marihuana.
Even if the Commonwealth succeeded in linking him to the marihuana stash, the defendant says that it failed to establish beyond a reasonable doubt either his distribution of marihuana or his intent to distribute it. There was evidence from both Officer Freeman and Detective Waggett, another experienced narcotics police officer involved in the investigation, that dealers tend not to keep drugs on their person but often stash them away so that, if arrested, the police would find it more difficult to locate the contraband in significant volume and to connect the dealer to it. They further testified that marihuana is often packaged for sale in the manner the marihuana in the vacant lot was found, in small baggies, and that the grouping of five ten-dollar bags is consistent with distribution and not personal use, because a single user spending fifty dollars would get significantly more marihuana from one fifty-dollar bag than from five ten-dollar bags. See Commonwealth v. Clermy, 421 Mass. 325, 331 (1995) (both the quantity of drugs recovered and the manner in which it is packaged are probative of a defendant’s plans for its use). There was also the matter of the two beepers on Johnson’s person — accoutrements of the illegal drug trade. Ibid. While it is undoubtedly not a crime to carry a beeper (or two), an item not primarily designed for drug use may take on characteristics of drug paraphernalia by virtue of particular circumstances. Commonwealth v. Carmenatty, 37 Mass. App. Ct. 908, 910 (1994). Commonwealth v. Sanchez, 40 Mass. App. Ct. at 417. Compare Commonwealth v. Bartlett, 41 Mass. App. Ct. 468, 472 (1996). On this evidence a jury could have found beyond a reasonable doubt that Johnson was involved in distribution of drugs and intended to distribute them.
Johnson’s counsel emphasized in behalf of the defense motion for a required finding of not guilty the significance of the difference in the color of the baggies in the stash and the baggie found with the customer who drove the red Honda. The prosecutor accounted for the discrepancy by offering the possibility that the defendant was working from two stashes, one of which was either not recovered by the police or was exhausted prior to their search. That hypothesis, the defendant insists, had no support in the evidence. There had been evidence, however, that drug dealers commonly work from more than one stash in an attempt to protect the drugs from confiscation by users or police. The inference was permissible, therefore, that there might have been another stash in the lot, with baggies of a different color in it.
Michele R. Moretti for the defendant.
Patricia M. Blackburn, Assistant District Attorney, for the Commonwealth.
3. The time limitation on closing arguments. Under Mass.R.Crim.P. 24(a)(2), 378 Mass. 895 (1979), the time permitted for closing arguments — thirty minutes — may be reasonably extended or limited in the discretion of the trial judge. The judge determined that the case was not complicated and that twenty minutes would suffice for summations. The prosecutor had asked for fifteen minutes to close; the defense for thirty. Defense counsel did not object to the time limit when the judge imposed it. Neither did she adhere to it. Three times the trial judge informed defense counsel that her twenty minutes were up and requested that she wind up. Defense counsel ignored those admonitions and continued arguing the details of the case. After a sidebar conference failed to have an effect on defense counsel’s willingness to conclude, the judge thanked her and told her that she “may sit down.”
After the jury had begun its deliberations, defense counsel moved for a mistrial on the ground that the time limit had prevented her from addressing several pertinent issues. In denying defendant’s motion, the trial judge reiterated his conviction that a case of such relative simplicity did not necessitate the full thirty minutes. The judge also commented that counsel had not used her time well.
Trial lasted less than three days and only four witnesses took the stand. There were no surprises in the testimony elicited by counsel during the trial. In the circumstances, the twenty-minute limit was reasonable. Imposition of a reasonable time limitation, adequate to address the pertinent aspects of the case, distinguishes this case from those in which the defendant was either denied the right to present a closing argument, Commonwealth v. Miranda, 22 Mass. App. Ct. 10, 11, 22-23 (1986), and Commonwealth v. Martelli, 38 Mass. App. Ct. 669, 671-672 (1995), or was improperly limited in its scope. Commonwealth v. Bennett, 6 Mass. App. Ct. 832 (1978). The judge did not abuse his discretion in limiting closing arguments to twenty minutes or in denying defendant’s motion for a mistrial.

Judgments affirmed.

 The validity of that search has not been raised as an issue.