LEAH DANIELS *vs.* COMMONWEALTH (and a consolidated case). May 25, 2004. *Supreme Judicial Court*, Appeal from order of single justice. *Practice, Criminal*, Interlocutory appeal, Mistrial, Dismissal, Jury and jurors, Deliberation of jury. *Jury and Jurors.*

Leah Daniels appeals from two judgments of a single justice of this court denying her petitions for relief pursuant to G. L. c. 211, § 3. We affirm both judgments.

Daniels was charged with armed assault with intent to murder, assault and battery by means of a dangerous weapon, simple assault and battery, and mayhem. Following a five-day trial, the case was submitted to the jury on all charges except simple assault and battery, which was dismissed on the Commonwealth's motion with Daniels's consent. At the end of the first full day of deliberations, the jury informed the judge that they had reached a unanimous decision on the charge of armed assault with intent to murder but would not reach such a decision on the other charges. The judge ordered the jury to resume deliberations. Later the next day, the jury informed the judge that they had not reached a unanimous decision on *any* of the charges. The judge dismissed the jury for the afternoon. On the third day, the judge gave the *"Tuey-Rodriquez"* charge, see *Commonwealth* v. *Tuey*, 8 Cush. 1, 2-3 (1851); *Commonwealth* v. *Rodriquez*, 364 Mass. 87, 101-102 (1973) (Appendix A), and the jury resumed deliberations. On the fourth day, the judge asked whether the jury were likely to arrive at a unanimous verdict on some or all of the charges "within a reasonable time for further deliberation."[1] The jury answered, "[F]urther deliberation will not yield a unanimous verdict on any indictments." When asked by the judge what he thought about the jury's response, defense counsel said, "I think they're at an impasse at this time." When asked whether he had any objection to a mistrial, counsel said he had none. The next day, the judge declared a mistrial and discharged the jury.

Thereafter, Daniels moved to dismiss the charge of armed assault with intent to murder, arguing that there had been no "manifest necessity" for the mistrial and that double jeopardy principles thus barred retrial. See *Commonwealth* v. *Ellis*, 432 Mass. 746, 751 (2000), and cases cited. The motion was denied. Daniels unsuccessfully sought relief pursuant to G. L. c. 211, § 3. She then filed a supplemental motion to dismiss, this time arguing that all of the charges should be dismissed. That motion was also denied. Daniels again sought relief pursuant to G. L. c. 211, § 3, to no avail.

This court will not reverse the judgment of a single justice absent an abuse of discretion or other clear error of law. See *Palaza* v. *Superior Court*, 393 Mass. 1001, 1002 (1984). There was no abuse of discretion or error of law in

---

[1]The Commonwealth objected to the judge's making inquiry at that time. Defense counsel, after consultation with the defendant, stated that he had no objection to the inquiry.

either of the judgments here. Daniels's "manifest necessity" argument is misplaced because she consented to the mistrial, and so the "manifest necessity" test is inapplicable. See *Commonwealth* v. *Curtis*, 53 Mass. App. Ct. 636, 640 (2002); *Commonwealth* v. *Phetsaya*, 40 Mass. App. Ct. 293, 297 (1996); *United States* v. *DiPietro*, 936 F.2d 6, 9 (1st Cir. 1991). See also *Commonwealth* v. *Horrigan*, 41 Mass. App. Ct. 337, 342 & n.5 (1996), and cases cited. Defense counsel told the judge he believed the jury was "at an impasse" and that he had no objection to the judge's declaring a mistrial.[2] That consent removes any double jeopardy bar to retrial. See *Oregon* v. *Kennedy*, 456 U.S. 667, 682-683 (1982) (Stevens, J., concurring). Accord *Commonwealth* v. *Andrews*, 403 Mass. 441, 447-448 (1988); *Commonwealth* v. *Howell*, 57 Mass. App. Ct. 716, 726 (2003).

Furthermore, the mistrial was supported by a manifest necessity: jury deadlock. See *Commonwealth* v. *Ellis, supra*; *A Juvenile* v. *Commonwealth*, 392 Mass. 52, 55 (1984); *Thames* v. *Commonwealth*, 365 Mass. 477, 479-480 (1974). Given the jury's obvious difficulty in reaching a verdict after four days of deliberations, the judge was warranted in inquiring whether the jury thought they could reach a unanimous verdict and in declaring a mistrial when the jury answered in the negative.[3] See *A Juvenile* v. *Commonwealth*, *supra* at 53-55 (mistrial warranted where jury reported deadlock on fourth day of deliberations after judge inquired about their ability to reach verdict); *Thames* v. *Commonwealth*, *supra* (mistrial warranted where jury reported inability to reach decision after four and one-half hours of deliberation, during which jury twice sent judge messages about impasse and judge inquired about jury's ability to reach agreement). Because the judge properly declared a mistrial due to a deadlocked jury, retrial is not barred by double jeopardy principles. See *Commonwealth* v. *Andrews*, *supra* at 448-449; *Thames* v. *Commonwealth*, *supra* at 479. Therefore, the single justice correctly denied Daniels's petitions for extraordinary relief.

*Judgments affirmed.*

*Willie J. Davis* for the plaintiff.

*Jane A. Sullivan*, Assistant District Attorney, for the Commonwealth.

---

[2]That Daniels did not personally assent to the mistrial makes no difference. See *Poretta* v. *Commonwealth*, 409 Mass. 763, 766-769 (1991).

[3]Daniels agreed with the judge's decision not to accept a partial verdict after the first full day of deliberations. Moreover, a judge is not required to accept such a verdict. See Mass. R. Crim. P. 27 (b), 378 Mass. 897 (1979); *Commonwealth* v. *Roth*, 437 Mass. 777, 788-795 (2002); *Commonwealth* v. *Diaz*, 19 Mass. App. Ct. 29, 31 (1984).