COMMONWEALTH *vs.* TONY MARTIN (and three companion cases[1]). June 4, 2004. *Evidence*, Alias, Relevancy and materiality.

The defendants were tried together, and each was convicted of unlawful distribution of cocaine in violation of G. L. c. 94C, § 32A, and distribution of cocaine within 1,000 feet of a school in violation of G. L. c. 94C, § 32J. The Appeals Court reversed their convictions, concluding that "the repeated improper use of [Tony Martin's] alias resulted in a substantial risk of a miscarriage of justice." *Commonwealth* v. *Martin*, 57 Mass. App. Ct. 272, 275 (2003). We granted the Commonwealth's application for further appellate review. We reverse the convictions.

The Commonwealth's introduction and repeated use of the alias evidence in this case requires reversal.[2] "Aliases can be suggestive of bad character and prior criminality, and therefore raise a possibility that the jury will improperly consider criminal propensity." *Commonwealth* v. *Carter*, 423 Mass. 506, 514 (1996). See *Commonwealth* v. *Sheline*, 391 Mass. 279, 286 (1984). The Appeals Court correctly noted that evidence of use of an alias by a defendant is prejudicial and may not be admitted unless "relevant and of more probative than prejudicial value." *Commonwealth* v. *Martin, supra*. See *Commonwealth* v. *Helfant*, 398 Mass. 214, 224-225 (1986) (defendant's prior bad acts inadmissible to show bad character or propensity to commit crime charged, but such evidence may be admissible if relevant for some other purpose, and its probative value outweighs undue prejudice that may flow from it). As the Appeals Court stated, there was "no relevance whatever of the alias to the crimes charged here." *Commonwealth* v. *Martin, supra*. Contrast *Commonwealth* v. *Durango*, 47 Mass. App. Ct. 185, 189 (1999), and cases cited (where relevant

---

[1]Two against Rudy Strickland and one against Tony Martin.

[2]For the reasons stated by the Appeals Court, we agree that Strickland's convictions also must be set aside. *Commonwealth* v. *Martin*, 57 Mass. App. Ct. 272, 276-277 (2003).

to crime charged, alias evidence admissible). Where a defendant puts his character or reputation in evidence, he may be impeached by evidence of his use of an alias, if relevant and not unduly prejudicial. See *Commonwealth* v. *McClendon*, 39 Mass. App. Ct. 122, 129 (1995). The defendant did not open the door to this issue. "[T]he coup de grace [in these cases] occurred when the prosecutor remarked in his closing argument, 'How can you trust somebody who has two names at the outset?' The remark revealed the Commonwealth's impermissible purpose for using the alias: to impeach the defendant's character and thereby his credibility." *Commonwealth* v. *Martin*, *supra*. The prosecutor exploited the unfair prejudice in the evidence that should have been excluded.

The Commonwealth contends that the Appeals Court's decision effectively establishes an absolute prohibition on the use of alias evidence to impeach a testifying defendant. A careful reading of the decision assures us that this is not the case. We need not reiterate either the Appeals Court's recitation of the facts or its analysis. It suffices to say that, in the circumstances, the repeated references to Martin's prior use of an alias before and during the Commonwealth's case-in-chief (compounded by further references in the Commonwealth's rebuttal case and closing argument) constituted a gratuitous, improper, and prejudicial attack on the defendant's character and credibility. The defendant had not put his character or reputation, or his use of an alias, at issue. See *Commonwealth* v. *McClendon*, *supra*. Moreover, the Commonwealth's use of the evidence was not cumulative of other properly admitted evidence. See *Commonwealth* v. *Carter*, *supra* at 514-515.

While recognizing that evidence of alias may be admitted in appropriate circumstances, we agree with the reasoning of the Appeals Court and the result reached in these particular cases. Like the Appeals Court, in these circumstances "we have a serious doubt whether the result of the trial might have been different had the error not been made." *Commonwealth* v. *LeFave*, 430 Mass. 169, 174 (1999).

The judgments are reversed and the cases remanded for a new trial.

*So ordered.*

*Timothy J. Bradl*, Assistant District Attorney, for the Commonwealth.
*Jane E. Ross* for Tony Martin.
*Eric W. Ruben* for Rudy Strickland.