CHRISTOPHER M. PELLEGRINE *vs.* COMMONWEALTH. March 24, 2006. *Practice, Criminal,* Mistrial, Double jeopardy. *Constitutional Law,* Double jeopardy.

The petitioner, Christopher M. Pellegrine, appeals from the denial of his petition under G. L. c. 211, § 3, by a single justice of this court. We affirm.

Pellegrine has been charged with operating a motor vehicle while under the

---

influence of liquor, G. L. c. 90, § 24 (1) (*a*) (1), and a civil infraction of failing to stop or yield, G. L. c. 89, § 9. A jury trial on these charges commenced in the District Court. One of the Commonwealth's witnesses, a police officer, testified that when he stopped Pellegrine's vehicle, there was a beer can under the driver's seat, that the floor mat was drenched with alcohol, and that he had taken an inventory of the vehicle. Outside the presence of the jury, a voir dire of the officer was conducted, and it was determined that defense counsel had not previously been advised about the discovery of the incriminating beer can and wet floor mat evidence (and indeed, the prosecutor stated that he had learned of it only that morning). The trial judge, on his own initiative, declared a mistrial, without objection from Pellegrine.

Pellegrine subsequently moved for entry of judgment of not guilty.[1] He argued that retrying him in these circumstances would violate his protection from double jeopardy, that the withholding of the evidence constituted irremediable prosecutorial misconduct, and that the judge failed to afford him an opportunity to be heard or to consider alternatives to a mistrial. The judge denied the motion, noting that defense counsel specifically assented to the mistrial, albeit nonverbally. Pellegrine's G. L. c. 211, § 3, petition followed.[2]

A defendant's consent to a mistrial "removes any double jeopardy bar to retrial." *Daniels* v. *Commonwealth*, 441 Mass. 1017, 1018 (2004), citing *Oregon* v. *Kennedy*, 456 U.S. 667, 682-683 (1982) (Stevens, J., concurring). "[C]onsent to a mistrial may be inferred from silence where a defendant had the opportunity to object and failed to do so." *Commonwealth* v. *Phetsaya*, 40 Mass. App. Ct. 293, 298 (1996), quoting *United States* v. *DiPietro*, 936 F.2d 6, 9-10 (1st Cir. 1991). Pellegrine plainly had the opportunity to object. The mistrial was declared after a voir dire and colloquy after the jury were cleared from the court room. Further, Pellegrine does not suggest that the judge's conduct was "so intimidating to defense counsel . . . as to foreclose any objection from defense counsel to the declaration of a mistrial," *Commonwealth* v. *Phetsaya, supra,* nor do we perceive any intimidation on the record. Despite having an adequate opportunity to object to the mistrial, defense counsel remained silent, implying that Pellegrine in fact had no objection. We also see no reason to disturb the judge's finding that defense counsel specifically assented. In these circumstances, it was proper to infer from defense counsel's conduct that Pellegrine consented to the mistrial.

Because Pellegrine consented, there is no need for us to consider whether there was a "manifest necessity" for the mistrial. *Daniels* v. *Commonwealth, supra* at 1018, and cases cited. We note, however, that despite his insistence that the judge failed to give "reasoned consideration to the various available alternatives" to a mistrial, *Commonwealth* v. *Phetsaya, supra,* quoting *Jones* v. *Commonwealth*, 379 Mass. 607, 622 (1980), he does not suggest in his

---

[1]The Commonwealth suggests that this was a procedural misstep: as its case had not rested, a motion for a required finding of not guilty was premature. The Commonwealth further suggests that the motion should be characterized as a motion for dismissal of the criminal charge, with prejudice. We will regard it as such.

[2]On consideration of Pellegrine's memorandum and appendix filed pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), we permitted his appeal to proceed, limited to the double jeopardy issue.

brief what those alternatives might have been. Further, we reject, as the trial judge implicitly did, Pellegrine's assertion that the Commonwealth engaged in "intentional prosecutorial misconduct calculated to provoke a defendant into moving for a mistrial." *Donavan* v. *Commonwealth*, 426 Mass. 13, 16 (1997). Even assuming that notion applies where the defendant does not in fact move for a mistrial, there is no evidence that the failure to disclose the evidence was anything other than an unintentional error. *Id.* We conclude that double jeopardy principles do not preclude Pellegrine's retrial.

*Judgment affirmed.*

*Lois J. Martin* for the plaintiff.

*Jason Mohan* (*Tracey A. Cusick*, Assistant District Attorney, with him) for the Commonwealth.