ROGER CHANDANAIS *vs.* COMMONWEALTH. March 6, 2007. *Narcotic Drugs. Constitutional Law,* Double jeopardy. *Practice, Criminal* Required finding, Double jeopardy.

Roger Chandanais (defendant) appeals from a judgment of a single justice of

this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

The defendant was tried by a jury in the Fall River Division of the District Court Department on charges of possessing marijuana with intent to manufacture, distribute, dispense, or cultivate it, and with possessing fireworks. At the close of the Commonwealth's case, the defendant unsuccessfully moved for a required finding of not guilty on the marijuana count. See Mass. R. Crim. P. 25 (a), 378 Mass. 896 (1979). Thereafter, a juror reported that the defendant had contacted and intimidated her during a lunch recess. The judge eventually declared a mistrial on that basis, with the defendant's consent. Months later, with a retrial pending, the defendant moved to dismiss the marijuana charge on double jeopardy grounds, claiming that the judge had erred in denying his motion for a required finding of not guilty. See *Kater* v. *Commonwealth*, 421 Mass. 17, 19 (1995); *Berry* v. *Commonwealth*, 393 Mass. 793, 798-799 (1985). The judge denied the motion. The defendant unsuccessfully sought relief in the county court, pursuant to G. L. c. 211, § 3. The defendant filed a memorandum and appendix in accordance with S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), and the appeal was permitted to proceed according to the regular appellate process.

The issue before the court is whether the Commonwealth's evidence was sufficient, see *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-678 (1979), to withstand the defendant's motion for a required finding of not guilty on the marijuana charge. If not, principles of double jeopardy would bar retrial of the defendant on that charge.[1] See *Kater* v. *Commonwealth, supra*; *Berry* v. *Commonwealth, supra*. We conclude that the Commonwealth's evidence was sufficient.

Examined in the light most favorable to the Commonwealth, see *Commonwealth* v. *Latimore, supra*, the evidence was as follows. On July 30, 2002, officers from the Westport police department executed a search warrant for a residential address in Westport, looking for marijuana. The property consisted of a house and surrounding land. Behind the house was a yard and a commercial garage.[2] The officers searched the house and found a bag of fireworks in a closet. They also searched the backyard and areas around and behind the garage. In those areas, the officers found growing in the ground forty-seven marijuana plants that had a street value of $1,000 per plant. Of the plants found in the backyard close to the house, one of them was four feet tall and growing directly under the bathroom window of the house. A dirt path led to other plants found approximately one hundred feet behind the garage; those plants were protected by wire mesh. Photographs of the plants were entered in evidence and the photographer explained at trial where the plants were found.

---

[1]The Commonwealth claims that the defendant cannot raise a double jeopardy challenge to retrial because he consented to the mistrial. That claim fails where the defendant challenges the sufficiency of the evidence. See *Kater* v. *Commonwealth*, 421 Mass. 17, 19 (1995); *Berry* v. *Commonwealth*, 393 Mass. 793, 794, 798-799 (1985). Contrast *Pellegrine* v. *Commonwealth*, 446 Mass. 1004, 1005 (2006) (no double jeopardy bar to retrial where defendant consented to mistrial but did not challenge sufficiency of evidence); *Daniels* v. *Commonwealth*, 441 Mass. 1017, 1018 (2004), and cases cited (same).

[2]Although a small bag of marijuana was found in a desk drawer in the garage, there was no evidence that the defendant owned or otherwise had access to the garage.

The photographs showed that several of the plants were quite mature and tall. The detective who led the team that executed the warrant testified that he knew the defendant lived in the house because he had found the defendant's name (as well as those of the defendant's family members) on a voter list. The detective also testified that he knew the defendant owned the land surrounding the property, including the land behind the garage, because of previous "other incidents at that property"; the detective instructed the other officers about the contours of the property so that the officers would keep their search within the confines of the warrant.

Because there was no evidence that the defendant actually possessed the marijuana, the Commonwealth had to prove that he constructively possessed it, i.e., that he had "knowledge coupled with the ability and intention to exercise dominion and control." *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 409 (1989), quoting *Commonwealth* v. *Rosa*, 17 Mass. App. Ct. 495, 498 (1984).

> "[Evidence that the defendant lived on the property] 'alone cannot show the requisite knowledge, power, or intention to exercise control over the [contraband but] presence, supplemented by other incriminating evidence, [including, of course, circumstantial evidence, can] tip the scale in favor of sufficiency' (citations omitted). *Commonwealth* v. *Brzezinski*, [405 Mass. 401, 409-410 (1989)]. See *Commonwealth* v. *Arias*, 29 Mass. App. Ct. 613, 618 (1990), *S.C.*, 410 Mass. 1005 (1991), and *Commonwealth* v. *Brown*, 34 Mass. App. Ct. 222, 227 (1993). 'An inference . . . [drawn from circumstantial evidence] need only be reasonable and possible; it need not be necessary or inescapable.' *Commonwealth* v. *Beckett*, 373 Mass. 329, 341 (1977). *Commonwealth* v. *Merola*, 405 Mass. 529, 533 (1989). *Commonwealth* v. *Arias*, *supra* at 618."

*Commonwealth* v. *Johnson*, 42 Mass. App. Ct. 948, 949 (1997). See *Commonwealth* v. *Albano*, 373 Mass. 132, 135 (1977), and cases cited ("Knowledge may be inferred when the prohibited item is found in open view in an area over which the defendant has control."). The circumstantial evidence here that tips the scale in favor of sufficiency is the large amount of marijuana growing in plain view in the defendant's back yard and surrounding property, and the presence of wire mesh protecting some of the plants. It is significant that one plant, directly under the defendant's bathroom window, was four feet tall. In addition, the original photographs of the vegetation admitted in evidence (which the court obtained following oral argument) show that while a lawn around the house had been mowed, weeds bordering the lawn and growing around the marijuana plants were left untouched. The photographs thus support the reasonable inference that the weeds were used in an attempt to conceal the marijuana plants. That persons other than the defendant lived on the property is of no consequence; possession may be joint. See *Commonwealth* v. *Beverly*, 389 Mass. 866, 870 (1983). Moreover, the evidence concerning the amount of marijuana recovered and its street value — forty-seven plants worth $47,000 — is sufficient for a jury to conclude that the defendant intended to distribute the marijuana. See *Commonwealth* v. *Scala*, 380 Mass. 500, 511 (1980), and cases cited ("Intent to distribute may be inferred from the quantity of drugs possessed by the defendant at the time of

his arrest"). The Commonwealth's evidence was thus sufficient to withstand the defendant's motion for a required finding of not guilty. See *Huckabaa* v. *State*, 475 So. 2d 891, 892 (Ala. Ct. Crim App. 1985) (evidence sufficient to prove possession of marijuana growing in backyard of house where defendant lived with family); *Puckett* v. *State*, 13 Md. App. 584, 587-588 (Md. Ct. Spec. App. 1971) ("Ownership and exclusive possession of property may in some circumstances be sufficient to create a rational inference that the owner was in possession of a prohibited substance growing thereon"). Retrial on the marijuana charge is therefore not barred by principles of double jeopardy.[3]

*Judgment affirmed.*

*Christopher C. Trundy* for Roger Chandanais.

*William R. Connolly*, Assistant District Attorney, for the Commonwealth.

*Judgment affirmed.*

---

[3]The defendant raised no challenge to retrial on the fireworks charge.