The defendant appeals from his convictions after a jury trial of three counts of violation of an abuse prevention order obtained by his former girl friend, Ellen.[2] See G. L. c. 209A, § 7. The sole issue on appeal is the propriety of the judge's decision to exclude testimony by Ellen's husband that she had used numerous names and Social Security numbers. The judge ruled that the evidence was irrelevant and improper character evidence. We affirm.
Absent some showing that the evidence was relevant to a proffered defense, testimony by Ellen's husband could have been offered only for the prohibited purpose of impeaching her credibility and character by showing she had many names and identities. Generally, evidence of prior bad acts may not be used to impeach a witness's credibility. See Commonwealth v. LaVelle, 414 Mass. 146, 151 (1993) ; Commonwealth v. Bregoli, 431 Mass. 265, 275 (2000). Nor is evidence of dishonesty generally admissible to impeach a witness. See Commonwealth v. Hightower, 400 Mass. 267, 271 (1987) ; Commonwealth v. Andrews, 403 Mass. 441, 459 (1988). Cf. Commonwealth v. Martin, 442 Mass. 1002, 1003 (2004) (prosecutor's improper references to defendant's aliases created substantial risk of miscarriage of justice); Mass. G. Evid. § 608(b) (2017). No question of identity was presented here. Compare Commonwealth v. Martinez, 458 Mass. 684, 697 (2011) (defendant's alias, Pinocchio, was relevant to identity). The defendant offered no other defense to which the evidence would be otherwise relevant.[3] There was no error.
Judgments affirmed.

A pseudonym. We identify her by a pseudonym in order to protect her identity in accordance with 18 U.S.C. § 2265(d)(3) (2012).

The judge ruled that the defendant could question Ellen regarding her use of aliases and Social Security numbers if he had a good faith basis for doing so. The defendant did not offer a defense based on mistake or accident to which the existence of aliases might have been relevant, and he did not cross-examine Ellen on this point.