NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-972

COMMONWEALTH

vs.

WILLIAM J. PAPP, THIRD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, William J. Papp, III, appeals from convictions, after a second District Court jury trial, for operating a motor vehicle under the influence of intoxicating liquor, G. L. c. 90, § 24 (1) (a) (1), and operating a motor vehicle after a license suspension, G. L. c. 90, § 23.[1] Concluding that the trial judge properly allowed the second trial to proceed after the defendant agreed to a mistrial in the first jury trial, we affirm.[2]

---

[1] After the jury verdicts, the defendant pleaded guilty to a second offense on the first charge and to a subsequent offense on the second charge.

[2] The second jury trial was not transcribed, and the parties are vague about how the defendant's objection to the retrial was brought to the attention of the trial judge. Cf. Papp v. Commonwealth, 491 Mass. 1019, 1019 (2023) (defendant objected to retrial in pleading with Supreme Judicial Court). We assume, without deciding, that the issue was preserved in the District Court.

"[O]nce jeopardy has attached, a judge may declare a mistrial over a defendant's objection and commence a new trial only in light of a 'manifest necessity.'" Commonwealth v. Fitzpatrick, 463 Mass. 581, 589 (2012), quoting Cruz v. Commonwealth, 461 Mass. 664, 670 (2012). "A judge's determination that there is a 'manifest necessity' warranting the declaration of a mistrial is reviewed under an abuse of discretion standard." Commonwealth v. Bryan, 476 Mass. 351, 356 (2017), quoting Cruz, supra at 669.

"The 'manifest necessity' test has no application in situations where, as here, the defendant requested or effectively consented to the mistrial." Commonwealth v. Curtis, 53 Mass. App. Ct. 636, 640 (2002). Accord Daniels v. Commonwealth, 441 Mass. 1017, 1018 (2004). "[C]onsent to a mistrial may be inferred from silence where a defendant had the opportunity to object and failed to do so." Pellegrine v. Commonwealth, 446 Mass. 1004, 1005 (2006), quoting Commonwealth v. Phetsaya, 40 Mass. App. Ct. 293, 298 (1996). Cf. Commonwealth v. Edwards, 491 Mass. 1, 15-16 (2022) (consent cannot be inferred where defendant failed to object to dismissal order precluding retrial); Commonwealth v. Donovan, 8 Mass. App. Ct. 313, 316 (1979) (no consent where "defense counsel had requested that the trial go forward").

2

Here, the defendant consented to the mistrial.  After the trial judge reported to the parties, outside the hearing of the jury, that the prosecutor at the first trial had been taken to a hospital and that he was "going to declare a mistrial with manifest necessity, . . . so the Commonwealth is free to retry the case," the judge asked the defendant whether he understood and would like to be heard.  The defendant asked when the retrial would be held.  The judge then explained why he believed that the trial could not continue and asked, "was there anything else that you wanted to address the Court on the issue of the mistrial?"  The defendant responded by stating that the prosecutor "didn't look to be doing too good."  By failing to object after being given two opportunities to be heard, the defendant consented to the mistrial.  See Daniels, 441 Mass. at 1017.

This is not a situation where the judge declared the mistrial to the jurors without first consulting with the parties, see Commonwealth v. Horrigan, 41 Mass. App. Ct. 337, 338-339 (1996), or where the judge intimidated defense counsel from objecting by calling him incompetent and fining him, see Phetsaya, 40 Mass. App. Ct. at 298.  Rather, the judge properly explained the situation to the defendant and solicited his views before bringing in the jurors and declaring a mistrial.  The defendant's acquiescence to a mistrial with the expectation of a

3

retrial means that no manifest necessity was required for the declaration of a mistrial and that the trial judge had no obligation to describe the alternatives to a mistrial that he considered (or, for that matter, to consider such alternatives).

Judgments affirmed.

By the Court (Green, C.J.,
Ditkoff & Hodgens, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  August 28, 2023.

---

[3] The panelists are listed in order of seniority.