NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-67

COMMONWEALTH

vs.

PEADAR MCILROY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On July 16, 2018, the defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor. A jury trial in the District Court commenced on May 1, 2019. However, after a police witness who testified in the Commonwealth's case-in-chief improperly opined that the defendant had operated his vehicle while under the influence of alcohol, see Commonwealth v. Canty, 466 Mass. 535, 543-544 (2013), the judge declared a mistrial. The defendant subsequently filed a motion to dismiss based on double jeopardy grounds. The motion was denied, and the defendant sought relief pursuant to G. L. c. 211, § 3. The matter was referred to this court by a single justice of the Supreme Judicial Court, and a different panel affirmed the denial of the motion to dismiss in an unpublished memorandum and order. See Commonwealth v.

McIlroy, 100 Mass. App. Ct. 1126 (2022). In reaching the conclusion that the motion to dismiss had been properly denied, the panel determined that, as a matter of law, the defendant consented to the declaration of a mistrial. Consequently, the principle of double jeopardy did not bar a retrial. See Pellegrine v. Commonwealth, 446 Mass. 1004, 1005 (2006) ("A defendant's consent to a mistrial removes any double jeopardy bar to retrial" [quotation and citation omitted]). The defendant filed an application for further appellate review, which was denied. See Commonwealth v. McIlroy, 489 Mass. 1107 (2022).

Thereafter, the case was rescheduled for trial. This time, the defendant elected to proceed without a jury and, following a bench trial held on October 12, 2022, he was found guilty. The defendant now appeals from that judgment of conviction.

The defendant's sole contention is that his motion to dismiss based on double jeopardy grounds, which, as previously noted, was filed following the declaration of a mistrial in his first trial, should have been allowed. As the Commonwealth correctly argues in its brief, the doctrine of direct estoppel bars review of this claim. "[U]nder the doctrine of direct estoppel, a defendant is barred from seeking review of claims 'actually litigated' and denied against him" (citation omitted). Commonwealth v. Coutu, 88 Mass. App. Ct. 686, 699 (2015). See

2

Commonwealth v. Arias, 488 Mass. 1004, 1006 (2021) ("In general, a defendant is directly estopped from obtaining review of a claim where the Commonwealth demonstrates that the issue was 'already litigated and determined . . . , that such determination was essential to the . . . conviction, and that the defendant had an opportunity to obtain review of the determination'" [citation omitted]).

Here, there is no question that the precise issue raised by the defendant in this appeal was previously addressed by this court in Commonwealth v. McIlroy, 100 Mass. App. Ct. 1126 (2022). Accordingly, the doctrine of direct estoppel prohibits further review.[1]

Judgment affirmed.

By the Court (Vuono, Rubin & Smyth, JJ.[2]),

Assistant Clerk

Entered: February 8, 2024.

---

[1] Given our conclusion, we need not address the defendant's argument, raised for the first time on appeal, that the Supreme Judicial Court's recent decision in Commonwealth v. Edwards, 491 Mass. 1 (2022), requires a different result. In any event, we note that Edwards did not announce a new rule of law and, more fundamentally, the facts in Edwards are distinguishable from those present here.
[2] The panelists are listed in order of seniority.

3