NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-474
23-P-702

COMMONWEALTH

vs.

ERIC LAWTON, JR. (and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a bench trial, a District Court judge found the defendants, Eric Lawton, Jr., and Troy L. Mitchell, guilty of assault and battery causing serious bodily injury.  On appeal, the defendants, represented by separate counsel, both claim that their motions for required findings of not guilty should have been allowed because the Commonwealth failed to prove (1) that the defendants caused the victim to suffer a "serious bodily injury," and (2) the defendants' identity as the perpetrators of the crime.

_____

[1] Commonwealth vs. Troy L. Mitchell.

In addition, Lawton argues that his conviction should be vacated because the judge denied him the right to make a closing argument, thus denying his right to assistance of counsel. We agree that it was error to deny the defendants the right to make a closing argument. Accordingly, we vacate the judgments and remand for a new trial.[2]

Background. In March 2021, the defendants were charged, in separate criminal complaints, with assault and battery causing serious bodily injury in violation of G. L. c. 265, § 13A (b) (i). The defendants' cases were joined for trial. Before a bench trial commenced on December 2, 2022, both defendants stipulated to the following:

> "That [each defendant] . . . did commit an Assault and Battery on [the victim] on December 20, 2020 . . .
>
> [and]
>
> "That the only issue at trial is whether the Assault and Battery caused serious bodily injury pursuant to G. L. c. 265, § 13A (b) (i) to [the victim]."

The stipulation was not introduced during the trial.

The victim, and sole witness during the trial, testified about his injuries. He testified as follows: Around 2 A.M. on December 20, 2020, while the victim was driving home from work,

---

[2] Because we conclude that the judge's denial of the defendants' right to make a closing argument requires us to vacate the judgments, we do not reach the remaining claims raised on appeal.

he saw four individuals walking on the side of South Main Street.  The victim told the individuals to "get on the sidewalk."  In response, Lawton and Mitchell punched the victim's car.  The defendants then pulled the victim out of his car and "used [the victim's] face as a punching bag."  The victim called 911, and the responding police officers apprehended the defendants soon after arriving at the scene.[3]

The victim recalled bleeding from the side of his head and his nose and feeling "like [his] head was going to explode."  He was transported by ambulance to the Athol Memorial Hospital, and then taken to the University of Massachusetts Memorial Hospital for further evaluation.  The victim remained under observation for forty-eight hours.  Upon his release from the hospital he was diagnosed with a concussion and a brain hematoma.

At the conclusion of the victim's testimony, the Commonwealth rested.  The defendants then, in concert, moved for a required finding of not guilty.  The judge asked counsel if they had briefed whether the Commonwealth had met its burden of establishing that the defendants' assault and battery resulted in serious bodily injury to the victim.  When defense counsel

---

[3] The victim identified Lawton and Mitchell during a showup identification at the scene.  The judge denied the defendants' pretrial motion to suppress the identification.

responded that they had not briefed the issue, the judge denied the defendants' motion without allowing for oral argument.

Immediately after the judge denied the motion for a required finding of not guilty, the defendants rested. The judge then addressed the defendants' motions for a required finding as it applied to the close of evidence, and again asked the parties whether they "had a brief prepared as to whether or not this is a serious bodily injury." When the parties stated that they had not prepared briefs, the judge advised the parties that she wanted them to brief the serious bodily injury issue; she continued the trial to provide them sufficient time to comply with her order.

Subsequently, the defendants submitted a joint memorandum in support of their motion for a required finding of not guilty, arguing the evidence was insufficient to establish serious bodily injury. The Commonwealth submitted a memorandum in opposition. On January 6, 2023, the judge submitted findings and an order denying the defendants' motion for a required finding.

The trial resumed on January 27, 2023. The judge began by inquiring with the parties, "I take it that you've had a chance to review my decision on the two required finding motions?" The defendants' attorneys confirmed they had reviewed the decision. The judge next asked, "So after your review of my required

4

finding decision, are you prepared for argument on sentencing?"
(emphasis added). Counsel for Lawton responded by inquiring,
"We wanted to know whether this essentially was your motion for
required finding or the ultimate issue of the trial?" The judge
explained, "So that's my decision on the required finding, and
after . . . both defendants have rested in their presentation of
the case and I would find both defendants guilty of the crime of
assault and battery with serious bodily injury" (emphasis
added). The parties then presented their respective sentencing
arguments. The judge sentenced each defendant to two years in
the house of correction.

Discussion. Lawton asserts that the judge, by finding him
guilty before he was afforded an opportunity to make a closing
argument, denied him the right to assistance of counsel as
guaranteed by the Sixth and Fourteenth Amendments to the United
States Constitution and article 12 of the Massachusetts
Declaration of Rights. We agree.

Our courts have long held that to deny a defendant the
opportunity to make a closing argument is antithetical to State
and Federal guarantees of the right to counsel. In Herring v.
New York, 422 U.S. 853, 865 (1975), the Supreme Court deemed
unconstitutional a New York law that conferred on every judge in
a nonjury criminal trial the power to deny counsel an
opportunity to make a closing argument. In assessing a criminal

5

defendant's right to the assistance of counsel

"constitutionalized in the Sixth and Fourteenth Amendments," the

Herring Court held:

> "There can be no doubt that closing argument for the
> defense is a basic element of the adversary factfinding
> process in a criminal trial.  Accordingly, it has
> universally been held that counsel for the defense has a
> right to make a closing summation to the jury, no matter
> how strong the case for the prosecution may appear to the
> presiding judge.  The issue has been considered less often
> in the context of a so-called bench trial.  But the
> overwhelming weight of authority, in both federal and state
> courts, holds that a total denial of the opportunity for
> final argument in a nonjury criminal trial is a denial of
> the basic right of the accused to make his defense."

Id. at 858-859.  The Supreme Court in Herring "suggested, and is

generally read as having held, that a defendant who is denied

the right to present closing argument will be entitled to

reversal without making a showing of prejudice" (citations

omitted).  Commonwealth v. Miranda, 22 Mass. App. Ct. 10, 12-13

(1986).

Moreover, as emphasized in Herring, the right to a closing

argument is not limited to trials before a jury, but applies

equally to defendants who elect to be tried before a judge.[4]  See

---

[4] In Herring, 422 U.S. at 863, the Supreme Court was not
persuaded by a claim that closing arguments are less important,
even superfluous, to a judge presiding over a bench trial as
compared with a jury.  The Supreme Court explained:

> "Judicial training and expertise, however it may enhance
> judgment, does not render memory or reasoning infallible.
> Moreover, in one important respect, closing argument may be
> even more important in a bench trial than in a trial by

Commonwealth v. Martelli, 38 Mass. App. Ct. 669, 671 (1995), quoting Herring, 422 U.S. at 859 ("the denial of the opportunity for a closing argument in a nonjury criminal trial is 'a denial of the basic right of the accused to make his defense'"); Miranda, 22 Mass. App. Ct. at 12 ("the right [to make a closing summation] is not of less significance when the case is tried to a judge rather than to a jury").

Here, we conclude that the judge denied the defendants the right to make a closing argument by announcing the guilty findings before affording the parties the opportunity to make closing arguments. Although the judge in this case did not explicitly forbid closing arguments, the effect of the judge's actions was the same. The circumstances of our case present similarly to the circumstances in Miranda, 22 Mass. App. Ct. at 11, where the trial judge, at the close of evidence, stated:

> "I don't think it is necessary to have arguments in this. I am actually giving no credibility whatsoever to the testimony of the three defendants. I don't believe a word they said. With that in mind, it would be superfluous to argue the case. I am finding them all guilty as charged."

---

jury. As Mr. Justice Powell has observed, the 'collective judgment' of the jury 'tends to compensate for individual short-comings and furnishes some assurance of a reliable decision.' Powell, Jury Trial of Crimes, 23 Wash. & Lee L.Rev. 1, 4 (1966). In contrast, the judge who tries a case presumably will reach his verdict with deliberation and contemplation, but must reach it without the stimulation of opposing viewpoints inherent in the collegial decision-making process of a jury."

Id. at 863 n.15.

Here, the defendants' attorneys were prepared for the judge to discuss the judge's ruling on the required finding when the judge suddenly announced her findings.  As in Miranda, 22 Mass. App. Ct. at 14, there was no chance for counsel "to anticipate that the judge was about to announce [her] finding." Furthermore, once the judge announced her findings, a closing argument would have appeared futile to counsel.  See Martelli, 38 Mass. App. Ct at 672 ("judge's comments amounted to a declaration that he believed the defendant to be guilty and, therefore, a closing argument would not change his mind . . . The judge's action constituted error").  Under the circumstances of this case, it was error for the judge to announce the findings without affording the defendants the opportunity to make a closing argument.

We acknowledge that defense counsel did not object to the judge's decision to foreclose the opportunity for closing argument.  "However, in Miranda, we pointed out that '[i]t is generally accepted . . . that prejudice as a result of the denial of closing arguments is assumed; and that such denial never can be harmless error.'"  Martelli, 38 Mass. App. Ct. at 672, quoting Miranda, 22 Mass. App. Ct. at 22-23.  As the Miranda court further explained, "[f]or us to conclude that this denial did not create a substantial [risk] of a miscarriage of

8

justice would be, in effect, to reject the importance assigned to the right [of the accused to make his defense] by the Herring decision."  Miranda, supra at 23.  See Martelli, supra at 671-672 (judge's refusal to consider defendant's closing argument created substantial risk of miscarriage of justice).[5]  Accordingly, on this record, the defendants are entitled to a new trial.

We exercise our discretion for reasons of fundamental fairness[6] and efficient administration of justice by affording Mitchell the benefit of the claim raised only by Lawton because Mitchell, who was situated identically to Lawton on the closing argument issue, would undoubtedly move for a new trial in the District Court upon receipt of this decision.  See Commonwealth

---

[5] We do not consider ordering entry of conviction on the lesser included offense of assault and battery because there is no evidence in the record that the judge conducted a colloquy with the defendants as to the constitutional rights the defendants waived by stipulating to all of the elements of assault and battery.  See, e.g., Commonwealth v. Castillo, 66 Mass. App. Ct. 34, 37 (2006) (observing that by stipulating to evidence, defendant surrenders number of rights "including the right to confrontation [and] the right to cross-examine witnesses"); Commonwealth v. Brown, 55 Mass. App. Ct. 440, 448 (2002) (requirement that colloquy be conducted is particularly important where "a defendant stipulates the truth of facts that are conclusive of guilt" [citation omitted]).  On remand, such a colloquy should occur.

[6] Compare Commonwealth v. Randolph, 438 Mass. 290, 294-295 (2002) (defendant shall be granted relief when error creates substantial risk of miscarriage of justice, despite defendant failing to preserve his claim for review).

v. Spearin, 446 Mass. 599, 607 (2006); Commonwealth v. Martin, 57 Mass. App. Ct. 272, 276-277 (2003), aff'd, 442 Mass. 1002 (2004). Accord Commonwealth v. Conroy, 333 Mass. 751, 757 (1956) ("We are of opinion that on this appeal we also have power to order correction of this obvious error [not raised by the defendant] and so avoid the need for other proceedings which could lead to but one result").

Conclusion. The judgments are vacated and the findings are set aside. The cases are remanded for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Henry,
  Hershfang & Smyth, JJ.[7]),

*Paul Little*

Clerk

Entered:  April 24, 2025.

---

[7] The panelists are listed in order of seniority.